JAMES E. GARDINER *vs.* MARY T. EARLE.

WASHINGTON—JANUARY 4, 1904.

PRESENT: Stiness, C. J., Douglas and Dubois, JJ.

(1) *Parties. Presumptions. Estoppel.*

The question involved in an action at law is the right of the plaintiff at the time of bringing the action, and there is no presumption that the character of the party plaintiff in a suit remains the same during the pendency of the suit.

TRESPASS ON THE CASE in assumpsit. Heard on petition of defendant for new trial, and granted.

PER CURIAM. The defendant presents her petition for a new trial upon two grounds. First, that there was error in the charge of the court; and, second, that the verdict was against the evidence.

The question at issue was whether the defendant hired the plaintiff to work in the Homogansett Greenhouses, of which she was the acting treasurer, but of which she denied that she was the proprietor.

The plaintiff introduced the record of a suit, brought in the name of the defendant against Louis Sherry, on September 6, 1898, in which she is described as "doing business as Homogansett Greenhouses."

The defendant denied knowledge or authority on her part in bringing of the action, but stated that she learned of the action afterwards, but she did not take any steps to have it

discontinued, the case being settled May 29, 1902, she receiving no part of the money paid.

(1)    The court charged the jury that "allowing that action to remain after she had knowledge of it, it is an adoption and a ratification that she was doing business as the proprietor of the Homogansett Greenhouse during the pendency of that suit."

We are of opinion that the instruction went too far. The question involved in an action at law is the right of the plaintiff at the time of bringing the action. For example, one may sue as a copartner for a debt due to the firm, but this is no admission that he continues as a member of the firm during subsequent years in which the suit may be pending. So, in this case, while the defendant may have adopted the action by her silence, it is not thereby to be inferred that she adopts anything more than what was necessary to maintain that suit. If she was the actual proprietor of the greenhouse at the time of the action, she could maintain it to the end; but she might also dispose of her interest, or cease to be the proprietor afterwards, and before the contract of the plaintiff was made. It was therefore error to say that she held herself out as proprietor during the pendency of the suit. Such instruction was prejudicial to the defendant, because the suit was pending at the time this contract was claimed to have been made, and the jury might well have understood that she was estopped at that time to deny that she was the proprietor. Moreover, it does not appear that the suit against Sherry was known to the plaintiff, that he relied on it, or was in any way affected by it.

The court understands from the defendant's brief that no other ground of exception is pressed, and it is not necessary to consider the question whether the verdict is against the evidence.

New trial granted.

*Lewis A. Waterman & Thomas F. I. McDonnell*, for plaintiff.

*Samuel W. K. Allen*, for defendant.